**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| Wayne Conte,<br>Plaintiff,<br>v.<br>United States Office of Personnel Management; et al.,<br>Defendants. | Case No. 2:26-cv-02708-JAD-DJA<br>**Order Adopting Report and Recommendation**<br>**ECF No. 7** |

On 9/15/26, the magistrate judge entered this report and recommendation [ECF No. 7]:

Pro se Plaintiff Wayne Conte has filed an application to proceed *in forma pauperis* (meaning, to proceed without paying the filing fee) under 28 U.S.C. § 1915. (ECF No. 5). However, Plaintiff's application indicates that his income exceeds his expenses by about $3,420.43 per month. So, the undersigned magistrate judge recommends denying Plaintiff's application.

The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be absolutely destitute to qualify for a waiver of costs and fees; nonetheless, he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *See Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Here, Plaintiff indicates that he receives $7,473.43[1] per month in disability and retirement benefits. He also claims to pay bills totaling $4,053.00 per month. So, Plaintiff's income exceeds his expenses by about $3,420.43

[1] Plaintiff claims to receive $3,938.58 per month from "VA Disability." Plaintiff adds in parenthesis that "[t]his is not considered income." (ECF No. 5 at 1). However, Plaintiff provides no explanation or reason why the Court should not consider his disability payments to be income for the purposes of determining whether he qualifies to proceed *in forma pauperis.*

per month. As a result, the undersigned finds that Plaintiff does not qualify for *in forma pauperis* status. This is particularly true because Plaintiff has filed five other cases in this district from 2016 until the present and has paid the filing fee in every case except for one.[2] And in the one case where Plaintiff did not pay the filing fee, his *in forma pauperis* application indicated that Plaintiff's much-lower income of $2,582.91 per month exceeded his expenses only by $131.91 per month.[3] Therefore, the undersigned will recommend that Plaintiff's application be denied. The undersigned will retain plaintiff's complaint (ECF No. 1-1), but it will not expend resources to screen it at this time given the recommendation that Plaintiff pay the filing fee.

## RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 5) be **denied**.

**IT IS FURTHER RECOMMENDED** that Plaintiff be required to pay the full $405 fee for a civil action, which includes the $350 filing fee and the $55 administrative fee, to proceed in this action.

## ORDER

The deadline for anyone to object to this recommendation was 9/29/2026, and no party filed anything or asked to extend the deadline to do so. Indeed, the plaintiff has already complied with the terms of the R&R by paying the filing fee. ECF No. 8. IT IS THEREFORE ORDERED that **the Magistrate Judge's Report and Recommendation [ECF No. 7] is ADOPTED in its entirety**, and the motion for leave to proceed in forma pauperis [ECF No. 1] is DENIED.

U.S. District Judge Jennifer A. Dorsey
Dated: October 5, 2026

[2] *See Conte v. Pomeranze, et al.*, No. 2:16-cv-00009-APG-GWF at ECF No. 1; *see Conte v. Conte, et al.*, 2:17-cv-01572-JAD-VCF at ECF No. 1; *see Conte v. State of Nevada, et al.*, No. 2:20-cv-01702-RFB-EJY at ECF No. 1; *see Conte v. Willick, et al.*, No. 2:25-cv-00439-GMN-DJA at ECF No. 4.

[3] *See Conte v. United States Office of Personnel Management*, No. 2:24-cv-00949-CDS-EJY at ECF Nos. 1, 6.